UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

DAVID and TRUDY SANDIFER,                                                              No. 07-11227

                Debtor(s).
_____/

Memorandum on Motion to Dismiss
_____

      Section 704(b)(1)(A) of the Bankruptcy Code requires the U.S. Trustee to file a timely statement as to whether the debtor's case would be presumed to be an abuse under § 707(b). The U.S. Trustee equivocated in this Chapter 7 case, filing a statement which said, "Having reviewed the documents, if any, filed by the debtor and any additional documents provided to the United States Trustee, the United States Trustee is currently unable to determine whether the debtor's case would be presumed to be an abuse under Section 707(b) of the Bankruptcy Code. Filed by U.S. Trustee."

      The U.S. Trustee filed a motion to dismiss this case based on a presumption of abuse and the totality of the circumstances. The debtors seek summary denial of the motion on the grounds that an affirmative determination of presumptive abuse is a prerequisite to a dismissal motion by the U.S. Trustee under § 707(b)(2).

      The three published cases on the issue all agree that an unequivocal determination of abuse is a prerequisite to the U.S. Trustee's motion. *In re Robertson*, 370 B.R. 804 (Bkrtcy.D.Minn. 2007); *In re Byrne*, 376 B.R. 700, 703 (Bkrtcy.W.D.Ark 2007); *In re Perrotta*, 378 B.R. 27 (Bkrtcy.D.N.H. 2007). A

single unpublished decision supports the U.S. Trustee's position that equivocation is not fatal.

The court elects to follow the majority for two reasons. First, (as with many provisions of the 2005 amendments to the Bankruptcy Code), well-established rules of statutory construction do not really help the court resolve the issue; the parties instead resort to a battle of dictionaries. Second, the court has, at the urging of the U.S. Trustee, been applying the new amendments strictly against debtors for over two years. If there is any fairness to be read into the Bankruptcy Code at all, then the occasional provision which protects debtors ought to be strictly construed as well.

For the foregoing reasons, the debtors' objection to the motion will be sustained insofar as the debtor's seek summary denial of the portion of the motion based the presumption of abuse under § 707(b)(1) and (2). Further hearings will be held as necessary to adjudicate that part of the motion based on the totality of the circumstances pursuant to § 707(b)(3).[1]

An order will be entered when all issues have been adjudicated. This decision is subject to reconsideration if an appellate decision on the issues discussed above is rendered before an order has been entered.

Dated: March 3, 2008

Alan Jaroslovsky
U.S. Bankruptcy Judge

---

[1] As the court noted in *In re Byrne*, 376 B.R. at 703: "The ten day statement under § 704(b)(1) is superfluous to a filing under § 707(b)(3) if a determination has otherwise been made that a presumption of abuse does not arise. If the presumption does not arise, then there is no basis for dismissal under § 707(b)(2). But the code permits the UST to seek dismissal in the alternative under § 707(b)(3) for reasons other than a presumed abuse. Even though the UST failed to file a definitive statement as required under § 704(b)(1), the Court finds that she still has the right to proceed under § 707(b)(3) based on the debtor's representation that a presumption does not arise in this case."

2