UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

DAVID and TRUDY SANDIFER,  No. 07-11227

                Debtor(s).
_____/

Memorandum on Motion to Dismiss - Totality of Circumstances.
_____

      Debtor David Sandifer is 48 and is employed as a sales representative. His wife Trudy, 62, is a homemaker. Their total monthly gross income is $5,500.00 per month, which is above the median income for the state but certainly does not permit a lavish lifestyle in Santa Rosa where they reside. This is especially so considering that their income figure includes a modest and insufficient travel allowance, as David's position requires a great deal of travel. Their net take home pay is about $3,400.00 per month and is slightly less than their monthly expenses, all of which are very reasonable.

      The motion of the U.S. Trustee to dismiss their Chapter 7 bankruptcy as abusive is now before the court. The court has already ruled that the presumption of abuse does not apply in this case. The U.S. Trustee argues that the case should be dismissed upon consideration of the totality of the circumstances pursuant to § 707(b)(3)(B) of the Bankruptcy Code.

      The only "circumstance" the U.S. Trustee argues for a finding of abuse is that the debtors could afford to fund a meaningful Chapter 7 plan. However, the facts do not support such a conclusion. Their monthly budget is very lean, even Spartan. It is clear that they are living very frugally in order to place $393.00 per month into their retirement savings, as retirement is looming for them and their savings are modest. Their

1

transportation consists of three old cars: a 2000 Ford Taurus, a 1999 Ford Escort, and a 1978 Datsun. Two of the vehicles have over 200,000 miles on them, and the Datsun is barely running. The only way the debtors could possibly fund a Chapter 13 plan for the five years they would be forced to pay is if they bought new cars which could reasonably be expected to last for that period of time. Even if they were forced to stop saving for their retirement, there is no way a Chapter 13 plan could result in a meaningful dividend to unsecured creditors. Thus, the primary factor defining abuse is absent. See *In re Price*, 353 F.3d 1135, 1140 (9th Cir. 2004).

In determining if debtors are behaving abusively by funding a retirement plan, the court must look at all of the circumstances. *Hebbring v. U.S. Trustee*, 463 F.3d 902, 906 (9th Cir. 2006). "Courts must allow debtors to seek bankruptcy protection while voluntarily saving for retirement if such savings appear reasonably necessary for the maintenance or support of the debtor or the debtor's dependents." *Id.* at 907. The debtors have saved about $165,000.00 for their retirement, which is only a few years away for Trudy and looming for David. Their lean budget is an indication that they are concerned about having enough retirement savings and are willing to sacrifice current comforts in order to put more away. The court finds this conduct reasonable and prudent, not abusive.

To summarize, the court finds that the Sandifers are behaving reasonably in their modest retirement contributions, and this conduct does not constitute abuse. However, even if the Sandifers were ordered to stop making retirement contributions they would still be unable to fund a meaningful Chapter 13 plan. Accordingly, the motion of the U.S. Trustee will be denied. Counsel for the Sandifers shall submit an appropriate form of order.

Dated: April 13, 2008

Alan Jaroslovsky
U.S. Bankruptcy Judge

2